

UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

ALEXANDRIA DIVISION

| | |
|---|---|
| KAREN D. FONTENOT, et al. | CIVIL ACTION NO. 07-1401 |
| -vs- | JUDGE DRELL |
| LEO T. CAGE | MAGISTRATE JUDGE KIRK |

## RULING

Before the Court is the plaintiffs' appeal from the Bankruptcy Court's June 8, 2007, judgment and reasons for decision, granting the defendant-debtor's motion for summary judgment in this adversary proceeding and closing the adversary proceeding. For the reasons set forth, we affirm.

### I. BACKGROUND

The Bankruptcy Court ably set out the background to this case in its findings of fact, which we adopt here:

> Debtor filed a voluntary petition under Chapter 7 on March 14, 2006. Prior to the date of filing, on October 23, 2005, debtor/defendant was involved in a motorcycle accident that caused injuries to Mr. Mac Shane Fontenot, who was hospitalized and died about two weeks after the accident. Criminal charges of reckless operation of a vehicle, failure to wear a helmet, and failure to maintain insurance have been and are still pending against the defendant in connection with that accident. Plaintiffs filed a petition for damages in the 27th Judicial District Court, St. Landry Parish, asserting a claim for wrongful death arising from the accident. (Petition for Damages, Exhibit "1" to the Motion for Relief From Stay, Doc. no.6 in the related case.) That petition alleges the following:

> The said accident was caused by the negligence of defendant, LEO T. CAGE, which consisted primarily of but not limited to the following acts of omissions and/or commissions, to wit:
> a. Failing to keep a proper lookout;
> b. Failing to keep his vehicle under proper control;
> c. Failing to maintain the motorcycle in a safe and operable condition;
> d. Failing to yield the right of way;
> e. Operating his motorcycle at an unsafe speed;
> f. Racing his motorcycle on a City street;
> g. Failing to see what he should have seen and do what he should
> have done in order to prevent the accident sued upon herein;
> h. Other acts of negligence to be shown at the trial on the merits.
>
> <u>Id.</u>
>
> Plaintiffs filed this complaint on June 30, 2006, seeking a judgment of non-dischargeability on the basis of 11 U.S.C. §523(a)(6) and (a)(9). Defendant filed the instant motion for summary judgment, and among other exhibits, provides as evidence in support of that motion, the following. On page six of the accident report, the attending officer notes in a pre-printed option box, "Neither alcohol nor drugs" appeared to be a contributing factor to the accident. Further, Exhibit "B" to the defendant's motion for summary judgment is his own affidavit, which states, "That [he] did not do any acts during or before the accident that were intended to cause any injury to any person, specifically, Mac Shane Fontenot," "that he did not cause any death or personal injury in the accident by reason of any operation of a motor vehicle while he was intoxicated from using alcohol, a drug, or other substance," and "that he did not do any wilful or malicious acts to cause any harm to any person in the accident, specifically, Mac Shane Fontenot." (Exhibit B.)

(Doc. 3-13, pp. 2-3) (citations in original).

The above facts are not in dispute. What is in dispute is the effect to give debtor-defendant Leo Cage's repeated assertion of his Fifth Amendment privilege throughout the discovery period. The Bankruptcy Court ruled that, although that assertion might give rise to an adverse inference against Mr. Cage, that inference was insufficient,

standing alone, to preclude summary judgment. (Doc. 3-13, p. 9). The Bankruptcy Court also specifically denied the plaintiffs' request to stay the adversary proceeding indefinitely pending resolution of the criminal charges against Mr. Cage, in light of the fact that Mr. Cage's affidavit already gives sufficient indication of his response and in light of the plaintiffs' failure "to assert the existence of any other evidence, witness deposition, etc." (Doc. 3-13, pp. 9-10). Accordingly, on June 8, 2007, the Bankruptcy Court entered a judgment and reasons for decision, granting Mr. Cage's motion for summary judgment and closing the adversary proceeding on the basis that the plaintiffs' claims are dischargeable, because they do not satisfy 11 U.S.C. § 523(a)(6) or (a)(9).

On June 18, 2007, the plaintiffs filed the instant notice of appeal from the Bankruptcy Court's judgment and reasons for decision. On September 7, 2007, Mr. Cage was charged in state court with negligent homicide in the death of Mr. Fontenot. (Doc. 11, plaintiffs' memorandum, p. 6). The plaintiffs argue that the Bankruptcy Court erred in not giving greater weight to Mr. Cage's assertion of his Fifth Amendment privilege. The plaintiffs also assert that the state negligent homicide charge should affect the analysis of this case. In response, the defendant-debtor, Mr. Cage, argues that the Bankruptcy Court's decision is correct. We address the merits of these arguments below.

## II. JURISDICTION AND STANDARD OF REVIEW

We have jurisdiction over this appeal pursuant to 28 U.S.C. § 158(a). We review the Bankruptcy Court's grant of summary judgment de novo, In re Erlewine, 349 F.3d 205, 209 (5th Cir. 2003), applying the usual Fed. R. Civ. P. 56 standards, Id. (citing Fed. R. Civ. P. 56 and Bankr. R. 7056). Rule 56(c) of the Federal Rules of Civil Procedure states that summary judgment

> should be rendered if the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law.

Id.

A genuine issue of material fact exists if the evidence is such that a reasonable jury could return a verdict for the nonmoving party. See Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 249-50, 106 S. Ct. 2505, 2510-11 (1986). If the movant produces evidence tending to show there is no genuine issue of material fact, the nonmovant must then direct the Court's attention to evidence in the record sufficient to establish the existence of a genuine issue of material fact for trial. Eason v. Thaler, 73 F.3d 1322, 1325 (5th Cir. 1996) (citing Celotex Corp. v. Catrett, 477 U.S. 317, 321-23, 106 S. Ct. 2548, 2552 (1986)). In the analysis, all inferences are drawn in the light most favorable to the nonmovant. Herrera v. Millsap, 862 F.2d 1157, 1159 (5th Cir. 1989). However, mere conclusory allegations are not competent summary judgment evidence, and such allegations are insufficient to defeat a motion for summary judgment. Brock v. Chevron U.S.A., Inc., 976 F.2d 969, 970 (5th Cir. 1992). Finally, "a mere scintilla [of evidence] is not enough to

defeat a motion for summary judgment." Davis v. Chevron U.S.A., Inc., 14 F.3d 1082, 1086 (5th Cir. 1994) (citing Anderson v. Liberty Lobby, Inc., 477 U.S. 242 (1986)).

### III. LAW AND ANALYSIS

The sole issue in this adversary proceeding is whether or not the plaintiffs' claims against the defendant-debtor, Mr. Cage, are dischargeable or not. Because Mr. Cage's bankruptcy arose under Chapter 7 of the Bankruptcy Code, we generally look to 11 U.S.C. § 727(b) to determine what is dischargeable:

> Except as provided in section 523 of this title, a discharge under subsection (a) of this section discharges the debtor from all debts that arose before the date of the order for relief under this chapter, and any liability on a claim that is determined under section 502 of this title as if such claim had arisen before the commencement of the case, whether or not a proof of claim based on any such debt or liability is filed under section 501 of this title, and whether or not a claim based on any such debt or liability is allowed under section 502 of this title.

Id.

Here, it is undisputed that if the plaintiffs' claims are based on mere negligence, they are dischargeable under Section 727(b). However, the plaintiffs assert that their claims are non-dischargeable under either Section 523(a)(6) or (a)(9). Those sections read, in relevant part:

> (a) A discharge under section 727, 1141, 1228(a), 1228(b), or 1328(b) of this title does not discharge an individual debtor from any debt –
>
> * * *
>
> (6) for willful and malicious injury by the debtor to another entity or to the property of another entity; [or]
>
> * * *

> (9) for death or personal injury caused by the debtor's operation of a motor vehicle, vessel, or aircraft if such operation was unlawful because the debtor was intoxicated from using alcohol, a drug, or another substance; . . . .

11 U.S.C. § 523(a)(6) and (a)(9).

It is important to note that the plaintiffs have the burden of proof in this case; they must prove by a preponderance of the evidence that their claims are non-dischargeable. See, e.g., In re Keaty, 397 F.3d 264, 270 (5th Cir. 2005). Thus, under Fed. R. Civ. P. 56 and Fed. R. Bankr. Proc. 7056, Mr. Cage need only point out the plaintiffs' failure to present evidence in support of their claims. In short, that is exactly what Mr. Cage has shown.

To prove that their claims are non-dischargeable under Section 523(a)(6), the plaintiffs must show that Mr. Cage's actions were "willful and malicious," and there is no record evidence of that. Likewise, under Section 523(a)(9), there is no record evidence that Mr. Cage "was intoxicated from using alcohol, a drug, or another substance." To that extent, the Bankruptcy Court was absolutely correct. The plaintiffs have pointed to no evidence that could support these claims.

The only way the plaintiffs' claims may survive summary judgment, then, is if Mr. Cage's assertion of his Fifth Amendment privilege somehow precludes summary judgment. Although not cited by either party to this dispute, there is Fifth Circuit precedent on this issue. In State Farm Life Ins. Co. v. Gutterman, 896 F.2d 116 (5th Cir. 1990), the Fifth Circuit explained:

> The co-guardian's contention that an adverse inference may be drawn from a witness' assertion of her fifth amendment rights in civil cases is correct. Baxter v. Palmigiano, 425 U.S. 308, 96 S.Ct. 1551, 47 L.Ed.2d 810 (1976). However, at least one district court, in a case closely analogous to the case at hand, concluded that the adverse inference from the party's refusal to

> answer questions was not enough to create an issue of fact. Avirgan v. Hull, 691 F.Supp. 1357 (S.D.Fla.1988). Similarly, we conclude in this case that the adverse inference flowing from Diane Gutterman's refusal to answer the questions propounded to her in her deposition is insufficient to create an issue of material fact precluding summary judgment.
>
> "The assertion of the [fifth amendment] privilege, particularly on the advice of counsel, is an ambiguous response." Farace v. Independent Fire Ins. Co., 699 F.2d 204, 210-11 (5th Cir.1983). This is particularly true here, where the co-guardian has failed to present any other evidence to bolster the inference.

Id., 896 F.2d at 119 (footnote omitted). In Curtis v. M&S Petroleum, Inc., 174 F.3d 661 (5th Cir. 1999), the Fifth Circuit reiterated:

> In State Farm Life Insurance Co. v. Gutterman, 896 F.2d 116, 119 (5th Cir.1990), we held that the adverse inference from a party's refusal to answer questions was not enough to create an issue of fact to avoid summary judgment. Similarly, in the present case, Plaintiffs have presented no other evidence that BRC's actions were intentional. Without more, the adverse inference from Mr. Barrett's refusal to answer questions at his deposition will not preclude summary judgment.

Id., 174 F.3d at 675.

The plaintiffs admit that Mr. Cage asserted his Fifth Amendment privilege on the advice of Eugene P. Cicardo, Mr. Cage's attorney in the state criminal proceedings. (Doc. 11, plaintiffs' memorandum, pp. 4-5). The record is also clear that the Fifth Amendment assertion was made in light of pending criminal matters in state court. Gutterman and Curtis make it clear that, though the Fifth Amendment assertion may give rise to an adverse inference against Mr. Cage, that adverse inference, standing alone, is not enough to preclude summary judgment. To the extent the plaintiffs argue otherwise, they are, as a matter of law, incorrect.

The fact that Mr. Cage has now been charged with negligent homicide in connection with the October 23, 2005, accident does not affect this analysis. First, that criminal matter is still ongoing and so continues to give rise to the Fifth Amendment privilege. Second, even if Mr. Cage is found guilty of negligent homicide in state court, the conviction on that particular charge will not mean that Mr. Cage's actions were "willful and malicious," Section 523(a)(6), or that Mr. Cage was necessarily "intoxicated from using alcohol, a drug, or another substance," Section 523(a)(9). A negligent homicide may arise from a cause other than willfulness, malice, or intoxication, and only those issues are pertinent to this non-dischargeability determination. Thus, a conviction will not necessarily provide the plaintiffs with any additional evidence in this case.

Finally, the Bankruptcy Court correctly noted that Mr. Cage has already indicated his responses to the plaintiffs' discovery requests by affidavit. Mr. Cage's affidavit is carefully worded and reads, in relevant part, as follows:

> [Mr. Cage] further stated that he at no time intentionally, maliciously, or willfully injured Mac Shane Fontenot. He further stated that at no time on October 23, 2005, did he consume any alcoholic beverages. He further stated that he was issued some citations for violations of 32:408 (Motorcycle Endorsement Required); 32:58 (Careless Operation); 32:861 (Insurance Required); 32:190 (Safety Helmet Required). He was not issued a citation, arrested, nor convicted of any violation of the City of Eunice, State of Louisiana or any other governmental entity dealing with the operation of a motor vehicle while intoxicated or impaired from drugs or alcohol. He further stated that, to his knowledge and belief, there has never been an allegation that he had consumed any type of alcoholic beverage and/or drug that would impair his ability to operate a motor vehicle.

(Doc. 3-7).

We note that, although Mr. Cage specifically denies consuming any alcoholic beverages, he does not specifically deny taking any drugs on the date of the accident. If Mr. Cage bore the burden of proof here (i.e., if Mr. Cage had to prove that the debt was, in fact, dischargeable), that might be an issue. However, the plaintiffs bear the burden of proof, and they have failed to present <u>any</u> evidence that Mr. Cage was intoxicated by drugs, alcohol, or otherwise, on the date of the accident, or that he willfully or maliciously injured Mr. Fontenot. Thus, there is no reason to believe that Mr. Cage's answers would change in the future.

To infer anything from Mr. Cage's silence on a single point in his affidavit would be improper, particularly in light of the fact that there is no record evidence to support such an inference. Instead, the only inference we may draw is the adverse inference from Mr. Cage's assertion of his Fifth Amendment privilege. Under Fifth Circuit precedent, that adverse inference is insufficient, standing alone, to preclude summary judgment. The Bankruptcy Court properly determined that, outside of this adverse inference, the record contains no evidence that Mr. Cage's actions were "willful and malicious" under Section 523(a)(6), or that Mr. Cage "was intoxicated from using alcohol, a drug, or another substance" under Section 523(a)(9). Accordingly, Mr. Cage has demonstrated that there are no genuine issues of material fact and he is entitled to judgment as a matter of law that the plaintiffs' claims are dischargeable under bankruptcy law. This may be an unfortunate result under these facts, but it is the required result under the Fifth Circuit precedent applicable and referenced above.

## IV. CONCLUSION

For the foregoing reasons, the Bankruptcy Court's judgment and reasons for decision regarding the debtor's motion for summary judgment are AFFIRMED. A separate judgment will issue in accordance with this opinion.

SIGNED on this 5th day of August, 2008 at Alexandria, Louisiana.

DEE D. DRELL
UNITED STATES DISTRICT JUDGE